United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30283
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50112
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Rodriguez appeals his guilty-plea conviction of possession with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred when it denied his motion to suppress, based on the alleged unlawful search of his vehicle by the Louisiana state trooper who stopped him for a traffic violation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez does not contest the validity of the trooper's initial traffic stop. See United States v. Brigham, 382 F.3d 500, 506-07 (5th Cir. 2004). The trooper who stopped Rodriguez testified at a suppression hearing. A videotape of the traffic stop and search of Rodriguez's vehicle was also introduced by the Government.

The facts that the trooper articulated included the following: Rodriguez delayed before pulling his vehicle off of the roadway; then after pulling onto the shoulder Rodriguez delayed before stepping out of the car. Rodriguez acted nervous and evasive, he was sweating, and he continually asserted that he wanted no problems, which, in the officer's experience, was an unusual reaction to the traffic stop. Rodriguez's behavior was so unusual that the trooper felt that Rodriguez was a dangerous man, which prompted him to call for assistance at the traffic stop. At times Rodriguez appeared to understand the English language and at times he acted as though he could not understand the trooper. The trooper's check showed Rodriguez had prior recent arrests, including narcotics arrests.

After Rodriguez signed a Spanish language consent to search form, the trooper found a hidden compartment that had been installed in the vehicle's undercarriage. Safety concerns, because of heavy morning traffic, prompted the trooper to remove the vehicle from the shoulder of the interstate and to take the vehicle to the station so that the compartment could be examined. The

trooper's continued detention of Rodriguez, which included handcuffing Rodriguez, did not violate the Fourth Amendment because the record shows that the investigative detention was necessary to resolve the suspicion that arose during the traffic stop. See Brigham, 382 F.3d at 509-10; see also United States v. Sanders, 994 F.2d 200, 206 (5th Cir. 1993) (handcuffing a suspect does not automatically convert an investigatory detention into an arrest requiring probable cause).

Finally, the record reflects that the district court did not clearly err when it concluded that Rodriguez understood that he was consenting to the search, and that Rodriguez's consent was freely and voluntary given. See United States v. Solis, 299 F.3d 420, 436 and n.21 (5th Cir. 2002).

For the foregoing reasons, the judgment of the district court is AFFIRMED.